UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-60058-Cr-ALTMAN/HUNT


UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ANDRES PONCE SANCHEZ,

       Defendant.

_____/


## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

       THIS CAUSE is before the undersigned on an Order of Reference (ECF No. 16) from United States District Judge Roy K. Altman, for the purpose of conducting a proceeding for acceptance of a guilty plea by Defendant Andres Ponce Sanchez in the above-referenced case.   The undersigned, having conducted a Change of Plea hearing on May 3, 2023, recommends to the District Court as follows:

       1.   On May 3, 2023, the undersigned held a hearing to permit Defendant, Andres Ponce Sanchez, to enter a change of plea.   At the outset of the hearing, the undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case.   Further, Defendant was advised that the Change of Plea hearing was being conducted on an Order of Reference from the District Judge, at the request of Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case.   The undersigned further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all

findings and rulings concerning Defendant's sentence.

2.    Defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge.    Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the undersigned conducting the Change of Plea hearing.

3.    The undersigned conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

4.    The Parties have entered into a written Plea Agreement.   ECF No. 19.   The undersigned reviewed the Plea Agreement on the record and had Defendant acknowledge that he signed and understood the Plea Agreement.   The undersigned also made certain that Defendant was aware of any applicable mandatory minimum sentences (there are none) and statutory enhancements (there is an enhancement relating to visual depiction of a prepubescent minor or a minor less than 12 years old, which has been pleaded in the Indictment and admitted).   Defendant was advised of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes.   Defendant acknowledged that he understood the possible maximum penalties (including fines, supervised release, restitution, and special assessments) that could be imposed in this case.   The undersigned also reviewed the statutory requirement that Defendant register as a sex offender upon release from incarceration.

5.    Defendant pleaded guilty to Count 2 of the two-count Indictment, which charges him with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).   Defendant also consented to the forfeiture count in the Indictment and waived all constitutional and other defenses to forfeiture, as well as any right to appeal any forfeiture order.

6.    The Plea Agreement includes a waiver of appeal, which the undersigned discussed with Defendant on the record.   Defendant acknowledged in response to the undersigned's questions that by entering into the Plea Agreement containing the appeal waiver, he was waiving or giving up all rights to appeal his conviction and any sentence imposed by the District Court in this case, including restitution, except under the limited circumstances set forth in the appeal waiver provision in the Plea Agreement.   The undersigned finds that Defendant entered into this waiver knowingly, intelligently, and voluntarily.

7.    The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 18), which includes all the essential elements of the crime to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable.   Defendant acknowledged on the record that he had read and signed the written proffer and agreed that the facts set forth in the proffer were true and accurate, and that the proffer included the essential elements of the offense to which he is pleading guilty.

8.    The undersigned advised Defendant about the possible immigration and other collateral consequences of his guilty plea.

9.    Defendant expressed satisfaction with his counsel's representation.

10.    Based on all the foregoing and the plea colloquy, the undersigned recommends to the District Judge that Defendant, Andres Ponce Sanchez, be found to have freely and voluntarily entered his guilty plea to Count 2 of the Indictment as more particularly described herein and that he be adjudged guilty of this offense.

11.    A Presentence Investigation Report (PSI) will be prepared for the District Court by the United States Probation Office.   **Sentencing has been set for July 31, 2023, at 2:30 p.m. in the Miami Division before the Honorable Roy K. Altman, United States District Judge.**    The Parties were advised of this date and time.

Accordingly, the undersigned RECOMMENDS that Andres Ponce Sanchez's plea of guilty be accepted, that Defendant be adjudged guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge.   Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.   *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).   **The undersigned requested that counsel promptly file a notice of non-objection if they have no objections to the Report and Recommendation.**

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 4th day of May, 2023.

_____

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Roy K. Altman
U.S. Probation
All counsel of record